UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chintankumar Govindbhai Patel,

    Plaintiff,

v.

Case No. 25-13826

Hon. F. Kay Behm

Kristi Noem, Secretary, DHS, *et al.*,

    Defendants.
_____/

# OPINON AND ORDER DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF No. 4)

Plaintiff Chintankumar Govindbhai Patel filed this action and an *ex parte* motion for temporary restraining order on December 1, 2025. Because the court finds that Plaintiff has not met the standard for granting *ex parte* relief, the motion is denied.

## I.   Factual Background

Plaintiff Patel is a native and citizen of India residing in the Detroit, Michigan area. ECF No. 4, PageID.13. Patel is married to a U.S. citizen spouse and is pursuing family-based permanent residence.

Plaintiff alleges that he has an ICE interview/check-in scheduled

for December 10 in the Detroit, Michigan area, and is concerned that ICE will arrest him at that interview.[1] In his motion for temporary restraining order, Plaintiff requests that the court enjoin Defendant from arresting him at his check-in. Patel alleges that he has no criminal history except for a DUI in December 2023. ECF No. 4, PageID.14.

## II. Analysis

Prior to considering the merits of Plaintiff's request, the court must be satisfied that *ex parte* relief is appropriate. "The only type of injunctive relief that a district court may issue *ex parte* is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993); Fed. R. Civ. P. 65(b). According to Federal Rule of Civil Procedure 65(b), the "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if:*

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[1] *See, e.g.*, Elliot Spagat, *Lawsuit challenges arrests of people showing up to ICE check-ins in San Diego*, ABC News, https://abcnews.go.com/US/wireStory/lawsuit-challenges-arrests-people-showing-ice-check-ins-127880549 [https://perma.cc/J6AF-YWV2].

2

>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* (emphasis added). These "stringent restrictions . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). An *ex parte* temporary restraining order is "only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F. Supp.2d 782, 791 (E.D. Mich. 2012).

The Sixth Circuit has explained that "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at 650. It also described "another limited circumstance for which

the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action." *Id.*

Plaintiff has not satisfied the requirements of Rule 65(b)(1), which requires a party to clearly show irreparable and immediate injury and certify why notice should not be required. He does not claim that Defendant is "unable to be found" or that notice would render the action "fruitless." Presumably, Plaintiff is concerned that even appearing for a TRO hearing could result in his arrest – however, he does not actually make that argument in his brief, and the court also could hold a hearing over Zoom, which would not require his physical presence.

Therefore, it is **ORDERED** that Plaintiff's motion for temporary restraining order (ECF No. 4) is **DENIED WITHOUT PREJUDICE.**

The court notes that if Plaintiff renews his motion after serving Defendants with the summons and complaint, he still must satisfy the standard for injunctive relief. In that analysis, the court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest

4

would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citation omitted). These are "factors to be balanced, not prerequisites that must be met." *Id.; see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). It is not clear from Plaintiff's complaint what the basis of Plaintiff's Fifth Amendment Due Process and Immigration and Nationality Act claims are; Plaintiff's claims in his complaint address only the necessity of a temporary restraining order to prevent his arrest – but he does not explain the underlying basis for this court's subject matter jurisdiction or the factual basis of the complaint under either the Fifth Amendment or the INA.[2] *See* Fed. R. Civ. P. 8 (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Absent that information, the court cannot conclude that it has subject matter jurisdiction over this matter and Plaintiff's complaint may be subject to

---

[2] *But see,* perhaps, Press Release, National Immigrant Justice Center, *Unlawful ICE Arrests at Immigration Courthouses Prompt Lawsuit by Advocates and Immigrants*, https://immigrantjustice.org/press-release/unlawful-ice-arrests-at-immigration-courthouses-prompt-lawsuit-by-advocates-and-immigrants/ [https://perma.cc/PL8B-7SH7] (including copy of class-action complaint filed); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 LX 524621, at *11 (E.D. Cal. Nov. 23, 2025) (in a different context, granting TRO regarding potential re-arrest of immigrant detained illegally).

dismissal for lack of jurisdiction or failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6); *see Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2022) (the district court has a duty to assure subject matter jurisdiction at the earliest opportunity). The court draws Plaintiff's attention to Rule 15, which permits him to amend his complaint without a court order. *See* Fed. R. Civ. P. 15 (a party may amend its pleading once as a matter of course, subject to certain timing conditions).

Dated: December 4, 2025     s/F. Kay Behm
F. Kay Behm
United States District Judge